IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLY HARRIS,

    Plaintiff,

 v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

Case No. 3:17-cv-00125-MA

OPINION AND ORDER

MERRILL SCHNEIDER
P.O. Box 14490
Portland, OR 97293

 Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

ALEXIS L. TOMA
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

MARSH, Judge

Plaintiff Shelly Harris seeks judicial review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, the decision of the Commissioner is reversed and this action is remanded for further proceedings.

## **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff protectively filed her DIB application on February 4, 2013, alleging disability beginning April 10, 2012, due to dyslexia, attention deficit hyperactivity disorder, depression, anxiety, diabetes, and high blood pressure. Tr. Soc. Sec. Admin. R. ("Tr.") 269, ECF No. 13. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on April 24, 2015, at which Plaintiff appeared with her attorney and testified. A vocational expert, Nancy E. Bloom, also appeared at the hearing and testified. On June 8, 2015, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

Plaintiff was born in 1964, was 48 years old on the alleged onset of disability, and was 51 years old on the date of the ALJ's decision. Tr. 39. Plaintiff graduated from high school, has past relevant work as a teaching assistant, and at the time of the hearing, was employed part-time as an in-home caregiver. Tr. 39, 78-79, 117, 270, 313.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Plaintiff meets insured status requirements for a DIB application through June 30, 2016. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found Plaintiff has the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), major depressive disorder, and generalized anxiety disorder. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment.

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> she is limited to work consistent with SVP1, she is limited to low-stress work, which is defined as work requiring few decisions and few changes; no contact with the public; and only occasional contact with co-workers and supervisors.

Tr. 30. At step four, the ALJ found that Plaintiff is unable to perform her past relevant work. At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, such as representative occupations as: machine egg washer, bottling line attendant, and belt picker. Tr. 39-40. Accordingly, the ALJ concluded that Plaintiff has not been under a disability under the Social Security Act at any time from April 10, 2012 through the date of the decision.

## ISSUES ON REVIEW

On appeal to this Court, Plaintiff contends the following errors were committed: (1) the ALJ failed to incorporate the findings of Dr. Dean's vocational rehabilitation examination into the RFC determination; and (2) the ALJ improperly evaluated treating opinions of Carrie Mostul, PMHNP, Rebecca Hill, PMHNP, and Margaret Evans, LPC. The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error. The Commissioner also argues that even if the ALJ erred, Plaintiff has not demonstrated harmful error and the ALJ's decision should be affirmed.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "'Substantial evidence is more than a mere scintilla but, less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The

4 - OPINION AND ORDER

Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

### I. The ALJ Did Not Err in Referencing Dr. Dean's Opinion

Plaintiff argues that the ALJ credited a September 14, 2006 evaluation conducted by Keli Dean, Psy.D., and thus should have included all of Dr. Dean's assessed limitations in her RFC, or needed to provide clear and convincing reasons for discounting them. Plaintiff contends that Dr. Dean found "marked" difficulties with concentration, persistence and pace and specified certain employment recommendations and accommodations that were not discounted by the ALJ or included in the RFC. The Commissioner counters that Dr. Dean's evaluation relates to Plaintiff's prior, binding non-disability determination and that the ALJ referenced that evaluation for historical purposes only. Additionally, the Commissioner contends that Dr. Dean's evaluation pre-dates Plaintiff's alleged onset of disability date by six years, and therefore is of limited relevance, and the ALJ did not err. The Commissioner is correct.

Plaintiff previously was found not disabled in a decision dated April 9, 2012. The Social Security Act ("SSA") directs that "[t]he findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). In *Chavez v. Bowen,* the Ninth Circuit observed that the principles of *res judicata* apply to

administrative decisions, and that where a prior ALJ has made a finding of non-disability, there is a presumption that the claimant continues not to be disabled. 844 F.2d 691, 693 (9th Cir. 1988). The claimant must come forward with evidence of "changed circumstances" in order to rebut the presumption of continuing non-disability. *Id.* Additionally, the *Chavez* court determined that a prior ALJ's findings of RFC, education, and work experience are entitled to some *res judicata* consideration, and such findings "cannot be reconsidered by a subsequent judge absent new information not presented to the first judge." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez*, 844 F.2d at 694). The Commissioner has instructed adjudicators to "adopt [a finding] from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding[.]" Acquiescence Ruling ("AR") 97-4(9), *available at* 1997 WL 742758, *3.

In the decision, the ALJ determined that Plaintiff successfully rebutted the presumption of continuing non-disability under *Chavez* and AR 97-4(9), because her applicable age category changed, and she alleged impairments not previously considered (high blood pressure, diabetes, and anxiety). Tr. 24. The ALJ also found that there is new and material evidence concerning Plaintiff's RFC that requires determining her RFC *de novo*, and that any discussion of evidence from the period prior to April 9, 2012 is "for historical purposes only" and should not be construed as a "constructive reopening" of that decision. Tr. 24.

As the Commissioner correctly highlights, at step three of the decision, the ALJ discussed whether Plaintiff's impairments of ADHD, major depressive disorder, or generalized anxiety disorder met or equalled the "paragraph B" criteria of Listings 12.02, 12.04, or 12.06. To satisfy the paragraph B criteria, Plaintiff must demonstrate at least two marked limitations in the areas of:

activities of daily living, social functioning, concentration, persistence and pace, or repeated episodes of decompensation of extended duration. Tr. 27. In finding that Plaintiff has marked difficulties with concentration persistence and pace, the ALJ cited Dr. Dean's September 2006 examination. Tr. 28. Specifically, the ALJ discussed Plaintiff's score of "extremely impaired" on the Integrated Visual and Auditory Continuous Performance Test, in which Dr. Dean indicated that Plaintiff had difficulty keeping up, responded in an unreliable manner, and may be distracted by auditory stimuli. Tr. 28, 325. The ALJ further indicated that there is "no evidence" that Plaintiff's ability to concentrate had improved since Dr. Dean's testing, and that Plaintiff credibly testified that she continues to have difficulty concentrating if she is told too many things at once. Tr. 28. Based on the information in the record, the ALJ reasonably agreed with the prior ALJ that Plaintiff suffers marked limitations with concentration, persistence, and pace. *See Oberg v. Colvin*, Case No. 6:14-cv-01839-SI, 2016 WL 781943, *4 (D. Or. Feb. 29, 2016) (holding ALJ reasonably agreed with prior ALJ's decision after finding changed circumstances).

Contrary to Plaintiff's contention, the ALJ did not credit Dr. Dean's opinion or reopen the first ALJ's decision. Rather, the ALJ cited Dr. Dean's opinion for historical purposes, that is – a reference point from which to determine whether there is new and material evidence that would support a change from the prior ALJ's findings. Tr. 24; *see also* Tr. 134. To be sure, the ALJ did not mention Dr. Dean's evaluation whatsoever when examining the medical evidence to formulate Plaintiff's RFC. Therefore, it is clear to this Court that the ALJ did not credit Dr. Dean's report or reopen the prior, binding April 9, 2012 decision. After examining the record, including Plaintiff's testimony about her limitations with concentration as provided in her March 2013 Adult Function Report, the ALJ reasonably concluded that Plaintiff's concentration, persistence and pace limitations

7 - OPINION AND ORDER

are marked and did not warrant a departure from the previous step three findings. Tr. 27-28. The ALJ's findings are supported by substantial evidence in the record as a whole. The ALJ did not err. *See Needham v. Astrue*, Case No. 2:12-cv-01147-AC, 2014 WL 4983653, *6 (D. Or. Oct. 6, 2014) (finding second ALJ did not reopen first disability claim).

## II. The ALJ Erred in Discussing Opinions of Mses. Mostul, Hill and Evans

*A. Standards for Evaluating "Other Sources"*

Under the regulations applicable to Plaintiff's case, physicians are deemed "acceptable medical sources," while a mental health nurse practitioner or counselor constitutes an "other source." 20 C.F.R. §§ 404.1502, 404.1513; Social Security Ruling ("SSR") 06-03p, *available at* 2006 WL 2329939, *2 (rescinded effective March 27, 2017, after the ALJ's 2015 decision).[1] While opinions from other sources must be evaluated, the ALJ may discount that testimony by providing "'reasons germane to each witness for doing so.'" *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1111); 20 C.F.R. § 404.1527(c). Additionally, "an ALJ errs when he discounts an other source's entire testimony because of inconsistency with the evidence in the record, when the ALJ has divided the testimony into distinct parts and determined that only one part of the testimony is inconsistent." *Dale v. Colvin*, 823 F.3d 941, 945 (9th Cir. 2016).

*B. Analysis*

Plaintiff argues that the ALJ erred in discussing and weighing the opinions of Psychiatric Mental Health Nurse Practitioners Carrie Mostul and Rebecca Hill, and Licensed Professional

---

[1] New regulations effective after March 27, 2017 broaden the definition of "acceptable medical sources" to include audiologists, licensed advanced practice nurses, and physician assistants for impairments within their scope of practice. *See* 20 C.F.R. § 404.1502(a)(6-8) (effective Mar. 27, 2017).

Counselor Margaret Evans. Plaintiff acknowledges that Counselor Evans and Nurse Practitioners Mostul and Hill are not "acceptable medical sources" but alleges their opinions are due greater weight than provided by the ALJ because they are treating sources. Plaintiff contends that the ALJ erred by not discussing the opinions separately and failing to provide an adequate rationale for discounting them. The Commissioner responds that the ALJ provided germane reasons for discounting their opinions, and that Plaintiff has not demonstrated harmful error.

Ms. Mostul was Plaintiff's treating mental health provider from December 2011 to June 2013. Ms. Mostul saw Plaintiff approximately every four to six months. Tr. 387, 402, 408, 498. Ms. Mostul listed Plaintiff's diagnoses as major depressive disorder, anxiety, and psychotic disorder. Tr. 403, 498. On July 9, 2012, Mostul wrote a letter indicating that Plaintiff:

> becomes overwhelmed when [she] has too many tasks and becomes disorganized and has not been able to manage more than part time work a few hours at a time. She becomes distressed, anxious and more disorganized when she attempts to work more than a few hours at a time and this exacerbates her mental health conditions.

Tr. 333.

Ms. Hill began managing Plaintiff's mental health medications in September 2014, and sees her approximately every one to three months. Tr. 681. On April 7, 2015, Ms. Hill completed a Medical Source Statement furnished by Plaintiff's attorney. Tr. 681. In that statement, Ms. Hill diagnosed Plaintiff with psychotic disorder, major depressive disorder, and generalized anxiety disorder, and indicated that Plaintiff has moderate limitations in activities of daily living, moderate limitations in social functioning, and marked limitations in concentration, persistence, and pace. Tr. 682-83. Additionally, Ms. Hill opined that Plaintiff had marked limitations in the following areas: (1) the ability to maintain attention and concentration for extended periods, (2) sustain an ordinary

9 - OPINION AND ORDER

routine without special supervision, (3) complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number of rest periods, (4) interact appropriately with the public, and (5) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. Tr. 683. Ms. Hill also opined that Plaintiff would miss more than 16 hours of work each week due to her impairments. Tr. 684. On December 8, 2014, Ms. Hill also wrote a note indicating that Plaintiff has trouble working more than her current hours, and "is not to increase her hours at this time." Tr. 589.

In July 2014, Ms. Evans began providing counseling to Plaintiff approximately once a month for major depressive disorder and PTSD. In December 2014, Plaintiff informed Ms. Evans that one of her clients was in a nursing home, and that she was looking for work. On April 7, 2015, Ms. Evans also completed a Medical Source Statement furnished by Plaintiff's attorney. Tr. 640. In that statement, Ms. Evans opined that Plaintiff has moderate limitations in activities of daily living, marked limitations in social functioning, and marked limitations in concentration, persistence and pace. Tr. 641-42. Ms. Evans additionally opined that Plaintiff suffers the same five marked limitations in her residual functional capacity as Ms. Hill identified above. Tr. 642. Mses. Hill and Evans provided that Plaintiff's symptoms would increase in a competitive working environment.

The ALJ thoroughly and accurately discussed the treatment notes from Mses. Mostul, Hill and Evans, and accurately discussed the statements from Mses. Hill and Evans. After reviewing the evidence concerning Plaintiff's mental health, the ALJ summarized and rejected the opinions of Mses. Mostul, Hill, and Evans as follows:

> while [Plaintiff] continues to experience some minor fluctuations in her mental status, it has been generally stable and has not changed adversely since the [ALJ's] decision of April 9, 2012.

10 - OPINION AND ORDER

> The primary change from April 9, 2012, is that there are now five different medical source statements from three different mental health providers that all opine [Plaintiff] cannot work more than she is currently working because she would get overwhelmed and stressed. The [ALJ] notes that none of these providers addressed the issue of whether [Plaintiff] could perform full time work in a less demanding job than the one she has now, as posited in the residual functional capacity found in this decision.

Tr. 36.

The Court is troubled by the ALJ's rationale. It is true that Mses. Mostul, Hill, and Evans did not discuss whether Plaintiff could perform full time employment at a job less demanding job than Plaintiff's current employment. However, their opinions provide that when Plaintiff is pushed beyond her own pace, she becomes overwhelmed and her mental health symptoms are exacerbated. *See* Tr. 333, 640, 681. Mses. Hill and Evans' opinions also describe limitations with concentration and attention over extended periods, requiring additional rest periods. Tr. 333, 640. The ALJ's reason is not germane to anything specific contained in Mses. Mostul, Hill or Evans' treatment notes, their statements, or other record evidence that undermines their opinions. To be sure, the ALJ fails to point to any record evidence – medical or otherwise – to support the conclusion that simply by reducing the specific vocational preparation ("SVP") from two to one,[2] and limiting Plaintiff's decision-making and contact that she could perform full time work despite her limitations. Thus, the ALJ's reasoning is unsupported by substantial evidence. *See Viles v. Colvin*, Case. No. 3:14-cv-00534, 2015 WL 1393296, *9 (D. Or. Mar. 25, 2015) (determining that ALJ failed to provide

---

[2] The "specific vocational preparation" or "SVP" is defined in the DOT as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App. C, at 1009 (4th ed. 1991). Unskilled work corresponds to an SVP of 1 to 2. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1230 n.4 (9th Cir. 2009). "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

11 - OPINION AND ORDER

germane reasons in rejecting testimony of counselor where claimant had marked limitations in concentration, persistence, and pace); *Jahnsen v. Berryhill*, ___ F.Supp.3d at ___, 2017 WL 3018068, *5 (D. Alaska July 13, 2017) (holding ALJ erred where claimant with moderate limitations in concentration, persistence, and pace limited in RFC to low-stress job with occasional decision-making). Consequently, the ALJ has failed to provide reasons germane to Mses. Mostul, Hill, and Evans for discounting their opinions. The ALJ has erred.

The Commissioner contends that that the ALJ reasonably discounted Ms. Hill's opinion that Plaintiff would miss two days of work per month even at a simple, routine job. The Commissioner argues that the ALJ reasonably discounted Ms. Hill's opinion because the ALJ further limited Plaintiff on a "social basis to address her mental symptoms." Def.'s Br. 9, ECF No. 15. The Court disagrees. The ALJ acknowledged elsewhere in the decision that Plaintiff does not have social functioning limitations, but instead added such limitations to limit distractions. Tr. 28, 32. Again, the ALJ did not identify any evidence to support the conclusion that adding social limitations will decrease "the complexity and pace" of Plaintiff's work. Tr. 38. Thus, the ALJ's reasoning is not based on a rational interpretation of the record and fails to provide a reason germane to Ms. Hill for discounting her opinion. *Viles*, 2015 WL 1393296 at *9; *see also Garrison*, 759 F.3d at 1014 (reversing where ALJ's analysis of medical record not supported by substantial evidence). The ALJ has erred. The error is not harmless because crediting Ms. Hill's opinion may preclude employment.

### III. RFC Assessment

The RFC is the maximum a claimant can do despite her limitations. 20 C.F.R. § 404.1545. In determining the RFC, the ALJ must consider limitations imposed by all of the claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other

evidence," including the claimant's testimony. SSR 96-8p, *available at* 1996 WL 374184. Only limitations supported by substantial evidence must be incorporated into the RFC and the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

In the RFC, the ALJ limited Plaintiff to an SVP1, and limited her to low stress work defined as few decisions and changes, no public contact, and occasional coworker and supervisor contact. Tr. 30. The VE identified three jobs: machine egg washer, DOT #529.686.030, bottling line attendant, DOT #920.687.042, and belt picker, DOT #939.687-010. Tr. 39.

In light of the error identified above, the Court has two concerns with the ALJ's RFC: (1) the RFC does not adequately capture Plaintiff's accepted marked limitations with concentration, persistence and pace; and (2) the ALJ's RFC is not based on any credited medical testimony.

An ALJ's RFC assessment may "adequately capture[ ] restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174. Although limiting a claimant to simple and repetitive tasks may, in some cases, properly incorporate "moderate" restrictions in concentration, persistence, and pace, "marked" limitations may require more. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (finding ALJ erred where accepted medical testimony established moderate limitations in concentration, persistence, or pace was not included in hypothetical question to vocational expert); *Graybeal v. Astrue*, Case No. 3:10-cv-06387-PK, 2011 WL 6019434, at *4 (D. Or. Nov. 2, 2011) (holding ALJ errs by formulating an RFC limiting claimant only to simple, repetitive work where medical testimony identifies more significant restrictions related to concentration, persistence or pace).

As discussed above, at step three, the ALJ concluded that Plaintiff has marked limitations in concentration, persistence and pace. Mses. Hill and Evans likewise found Plaintiff to have marked limitations in social functioning and concentration, persistence, and pace. As Ms. Mostul described in her July 2012 letter, Plaintiff has difficulty sustaining concentration for an extended period, regardless of the complexity of the task, and therefore, any work lasting beyond a few hours becomes overwhelming. Tr. 333. Mses. Evans and Hill likewise described that Plaintiff has difficulty maintaining attention and concentration for extended periods, and has difficulty performing at a consistent pace for extended periods. Tr. 642. The ALJ erred in rejecting the opinions from Mses. Mostul, Hill, and Evans and the ALJ's failure to incorporate their limitations renders the RFC incomplete. *Jahnsen,* 2017 WL 3018068 at 5.

Additionally, the ALJ partially rejected the opinions of the agency nonexamining physician opinions (Megan D. Nicoloff, Psy.D. and Kordell E. Kennemer, Psy. D.) that Plaintiff could perform simple, routine tasks despite having marked limitations in maintaining concentration, persistence, and pace. Tr. 38, 154, 156, 174, 176. As noted above, the ALJ *added* social limitations to the RFC to "limit the complexity and pace of her work" in an effort to limit distractions. Tr. 32, 38. Consequently, the ALJ found that Plaintiff had greater restrictions than those identified by the nonexamining physicians. Tr. 154, 156, 174, 176. Yet, the ALJ credited no medical evidence establishing that adding social limitations will limit both complexity and pace and permit plaintiff to focus. *Jahnsen,* 2017 WL 3018068 at *5. Furthermore, Plaintiff's marked limitations in sustained concentration and pace might preclude her from performing the repetitive assembly-line type of jobs identified by the VE. *Brink,* 343 F. App'x at 212; *Graybeal,* 2011 WL 6019434 at *5. Consequently, the RFC is incomplete. *See generally Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th

Cir. 1984) (holding if an RFC fails to include all of a claimant's limitations, the hypothetical to vocational expert is incomplete, and expert's testimony has no evidentiary value).

IV. <u>Remand</u>

After finding the ALJ erred, the Court must determine whether to remand Plaintiff's case to the agency for payment of benefits or for additional investigation or explanation. Although a court should generally remand to the agency for additional investigation or explanation, the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The Ninth Circuit precludes the district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The court must determine if the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Next, the court must review the record as a whole and determine whether it is fully developed and free of conflicts and ambiguities, and "all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1101. Finally, the court must consider whether "the ALJ would be required to find the claimant disabled on remand" if the improperly discredited evidence were credited as true. *Garrison*, 759 F.3d at 1020; *Dominguez*, 808 F.3d at 407. If the above are satisfied, the court may exercise its discretion to remand the case for an award of benefits. *Dominguez*, 808 F.3d at 407.

On this record, the Court concludes that outstanding issues must be resolved before a final determination of disability can be made. The Court has concluded that the ALJ committed harmful legal error in discounting the opinions of Mses. Mostul, Hill, and Evans. There is conflicting evidence in the record concerning Plaintiff's ability to maintain full time employment given her

15 - OPINION AND ORDER

accepted marked limitations in maintaining concentration, persistence and pace. To be sure, no examining or treating physician has opined that Plaintiff is incapable of sustaining full time work. In contrast with her mental health providers, Plaintiff's treating physician, Jordan Roth, M.D., when asked to sign disability paperwork based on her mental health limitations, declined to do so and instead recommended that Plaintiff undergo a formal mental health evaluation. Tr. 583. Such an evaluation has not been performed. And, the ALJ accurately found that Plaintiff's mental health has been relatively stable since her alleged onset of disability. Accordingly, the proper remedy is to remand for further administrative proceedings to resolve these issues. *Treichler*, 775 F.3d at 1105. Moreover, the Court declines to order an immediate award of benefits because the record as a whole creates doubt as to whether Plaintiff is, in fact, disabled. *Garrison*, 759 F.3d at 1020.

Based on the foregoing, the Court concludes it is proper to remand for further proceedings to permit the ALJ to: (1) order a comprehensive mental health evaluation by an acceptable medical source to assess her functional capabilities and limitations; (2) reevaluate the evidence from Mses. Mostul, Hill, and Evans; (3) reassess Plaintiff's RFC, including her ability to sustain concentration, persistence, and pace; (4) evaluate whether Plaintiff is capable of performing other work that exists in significant numbers in the national economy, with assistance of a vocational expert if necessary; and (4) undertake any other actions necessary to complete the record and issue a decision consistent with applicable law as set forth above.

////

////

////

////

## CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this _18_ day of DECEMBER, 2017.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

17 - OPINION AND ORDER